# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

ARNETT MCNEAL,                    )
                                  )
    Petitioner,           )    C. C. A. NO. 02C01-9809-CR-00263
                                  )
vs.                               )    SHELBY COUNTY
                                  )
STATE OF TENNESSEE,               )    No. P-20060
                                  )
    Appellant.            )

**FILED**

**December 29, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On February 17, 1989, the petitioner pled guilty to aggravated kidnapping, aggravated rape and two counts of robbery with a deadly weapon. It also appears that on May 25, 1989, the petitioner pled guilty to grand larceny and four counts of armed robbery. No appeal was taken from these convictions. On June 10, 1998, the petitioner filed a petition for post-conviction attacking the validity of his guilty pleas. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). Contrary to the petitioner's argument, the petition in this case was filed

---

[1] The petition in this case was filed on June 10, 1998, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

well beyond the applicable statute of limitations, and is, therefore, untimely.[2] Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing or appointment of counsel. T.C.A. § 40-30-206(b).

It is, therefore, ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be taxed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

---

[2] The petition would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).